IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03270-REB-KLM

TIMOTHY JOHN KENNEDY,

    Plaintiff,

v.

USA,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Reply to Order to Show Cause [#14]** [Docket No. 15; Filed April 18, 2012] (the "Reply"). On April 9, 2012, the Court issued an Order to Show Cause [#14] to Plaintiff as to why cases 11-cv-00967-REB-KMT and 11-cv-03270-REB-KLM should not be consolidated pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1. Plaintiff timely filed this Reply, indicating that he has no objection to consolidation of these two matters. Accordingly,

    IT IS HEREBY **ORDERED** that the obligations stated in the Order to Show Cause issued April 9, 2012 [#14] are **DISCHARGED**.

    Plaintiff filed this matter on December 13, 2011. *See Compl.* [#1]. The case was originally assigned to Chief Judge Wiley Y. Daniel, who entered an Order of Reference to Magistrate Judge [#2] on December 16, 2011. On January 20, 2012, Defendant filed a Notice of Related Case [#5], indicating that this case and *Kennedy v. Finley, et al.*, Civil

Case No. 11-cv-00967-REB-KMT, are both based on the same facts and circumstances, i.e., Ernest Roger Peele's "expert work and testimony in the state criminal prosecution of Plaintiff." On February 2, 2012, Chief Judge Daniel transferred this matter to District Judge Robert E. Blackburn, who was already assigned to the previously-filed *Kennedy v. Finley*. *See Order of Transfer* [#9].

Pursuant to Fed. R. Civ. P. 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." This rule provides the Court with "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (citation omitted). On review of the Complaint [#1] in this matter and Plaintiff's First Amended Complaint and Jury Demand [#21] in *Kennedy v. Finley*, the Court finds that the facts and circumstances alleged are substantially similar and appear to "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). In his Reply to the Order to Show Cause, Plaintiff agreed that the two cases should be consolidated. *See Reply* [#15] at 1. Accordingly,

The Court **RECOMMENDS** that these two cases (11-cv-00967-REB-KMT and 11-cv-03270-REB-KLM) be consolidated pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 19, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge