**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00967-REB-KMT
(Consolidated with Civil Action No. 11-cv-03270-REB-KMT)

TIMOTHY JOHN KENNEDY,

    Plaintiff,

v.

MARK A. FINLEY,
ERNEST ROGER PEELE,
SHERIFF JOHN WESLEY ANDERSON, and
EL PASO COUNTY SHERIFF'S OFFICE,

    Defendants.

**ORDER DENYING MOTION TO DISMISS**
(This order concerns Civil Case No.11-cv-03270-REB-KMT)

**Blackburn, J.**

This matter is before me on the **United States of America's Motion To Dismiss** [#10][1] filed March 5, 2012. The plaintiff filed a response [#11], and the defendant filed a reply [#13]. I deny the motion in part and grant it in part.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1346(b)(1) (Federal Tort Claims Act).

## II. ANALYSIS

The complaint in Civil Action No. 11-cv-03270, the complaint at issue in the

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

present motion, concerns the plaintiff's claim against the United States of America under the Federal Tort Claims Act (FTCA). "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." ***U. S. v. Orleans***, 425 U.S. 807, 813 (1976). The plaintiff's claim against the United States is based on the alleged actions of a now retired agent of the Federal Bureau of Investigation (FBI), Agent Ernest Peele. Agent Peele performed an analysis of certain bullets as part of an investigation by the El Paso County Sheriff's Office. Based on the investigation of the El Paso County Sheriff's Office, which included Agent Peele's analysis, the plaintiff, Timothy Kennedy, was charged with two counts of first degree murder. Mr. Kennedy was convicted on both counts. Many years later, Mr. Kennedy was granted a new trial on the murder charges. In his complaint in 11-cv-03270, Mr. Kennedy alleges that Agent Peele's analysis of bullets involved in the investigation was inaccurate and that Agent Peele knowingly presented inaccurate information to the El Paso County Sheriff's Office and to the state court in which the murder charges were prosecuted.

In Civil Action No. 11-cv-00967 (***Kennedy v. Finley***), Mr. Kennedy filed a complaint alleging wrongful actions by certain law enforcement officials in the investigation of Mr. Kennedy concerning the murders. In this earlier case, Mr. Kennedy sued certain officials of the El Paso County Sheriff's Office as well as Agent Peele and the United States of America. On July 2, 2012, I entered an order [#78] in ***Kennedy v. Finley*** granting the motion to dismiss filed by the United States. I dismissed Mr. Kennedy's FTCA claim against the United States because Mr. Kennedy had not exhausted his administrative remedies as to that claim, as required by 28 U.S.C. §

2675(a). After exhausting his administrative remedies, Mr. Kennedy re-asserted his FTCA claim by filing his complaint in 11-cv-003270.

The allegations concerning the alleged actions of Agent Peele in the complaints in Civil Action Nos. 11-cv-00967 and 11-cv-03270 essentially are identical. In ***Kennedy v. Finley***, the earlier filed case, Mr. Kennedy asserts a claim in the nature of malicious prosecution against Agent Peele. This claim appears to be brought under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971). In my order [#78] in ***Kennedy v. Finley***, I granted in part and denied in part Agent Peele's motion to dismiss. I concluded that Agent Peele is entitled to absolute immunity from Mr. Kennedy's claim to the extent his claim is based on "Agent Peele's testimony during pretrial proceedings and at trial . . . ." *Order* [#78] (11-cv-00967), p. 7. On the other hand, I concluded that Mr. Kennedy's allegations against Agent Peele were sufficient to state a ***Bivens*** claim for malicious prosecution. As noted in that order, the elements of a ***Bivens*** claim for malicious prosecution and a Colorado tort claim for malicious prosecution are, for the most part, identical. They key difference between the two claims is that a ***Bivens*** claim also includes a requirement that the plaintiff demonstrate a violation of his or her federal constitutional or statutory rights.

In its present motion to dismiss, the United States raises essentially the same arguments raised by Agent Peele in his motion to dismiss the malicious prosecution claim in ***Kennedy v. Finley***. First, the United States argues that Agent Peele, and therefore the United States, is shielded from Mr. Kennedy's claims by the absolute immunity which protects testifying witnesses. As to this argument, I reach the same conclusion I reached in ***Kennedy v. Finley***. Agent Peele, and the United States, are entitled to absolute immunity from Mr. Kennedy's malicious prosecution claim to the

3

extent this claim is based on Agent Peele's testimony during pretrial proceedings and at trial. To the extent Mr. Kennedy's FTCA claim in 11-cv-03270 is based on such testimony, his claim must be dismissed.

Second, the Untied States argues that the allegations in the complaint are not sufficient to state a claim for malicious prosecution under Colorado law. To prove a claim for relief for malicious prosecution under Colorado law, a plaintiff must demonstrate: "(1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages." *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007). In Agent Peele's motion to dismiss in *Kennedy v. Finley* and in the United State's present motion to dismiss, the defendants argue that the allegations in the complaint are not sufficient to plead the first, third, and fourth of these elements. Again, the allegations concerning the actions of Agent Peele in *Kennedy v. Finley* and in 11-cf-03270 essentially are identical. For the same reasons stated in my order [#78] in *Kennedy v. Finley*, I conclude that the allegations in the complaint in 11-cv-03270 are sufficient to plead the first, third, and fourth elements of a malicious prosecution claim and are sufficient to state a claim for malicious prosecution under the FTCA. Therefore, the United States' motion to dismiss [#10] otherwise is denied.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States of America's Motion To Dismiss** [#10] filed March 5, 2012, is **GRANTED** in part;

2. That under FED. R. CIV. P. 12(b)(1), the plaintiff's FTCA claim alleging malicious prosecution is **DISMISSED** to the extent that claim is based on Agent Peele's

4

5

testimony during pretrial proceedings and at trial; and

      3.  That otherwise, the **United States of America's Motion To Dismiss** [#10] filed March 5, 2012, is **DENIED**.

      Dated March 18, 2013, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge